UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Asher Associates, LLC, a Wyoming Limited Liability Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Thatcher Eills, an individual; and Does 1-10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-01136-APG-DJA<br><br>**Order** |

Before the Court is the parties' disputed discovery plan and scheduling order. (ECF No. 23). Plaintiff Asher Associates, LLC, proposes that the Court set a discovery plan consistent with Local Rule 26-1(b). Defendant Thatcher Eills proposes that the Court either stay discovery pending resolution of his motion to dismiss or that the Court only allow limited discovery for sixty days before allowing the parties to proceed with discovery. The Court grants Plaintiff's proposal.

Defendant requests that the Court stay discovery, but does not brief the appropriate standard or separately move for that relief. *See Schrader v. Wynn*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324 (D. Nev. Oct. 14, 2021) (outlining the good cause standard for staying discovery); *see Gibson v. MGM Resorts International*, No. 2:23-cv-00140-MMD-DJA, 2023 WL 4455726 (D. Nev. July 1, 2023) (explaining that the undersigned magistrate judge has adopted the *Schrader v. Wynn* good cause standard); *see* LR IC 2-2(b) (explaining that, for each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document). So, the Court declines to stay discovery at this stage. Alternatively, Defendant asks that the Court impose phased discovery, which form of discovery Defendant argues may "potentially resolv[e] the dispute more efficiently or enabl[e] the Court to

rule on threshold challenges with a complete evidentiary record." (ECF No. 23 at 3). However, the Court declines to impose phased or bifurcated discovery without very detailed reasoning. This is because, in the Court's experience, phased or bifurcated discovery often leads to disputes over whether discovery is properly completed in phase one or phase two of discovery. The Court therefore declines to approve Defendant's proposed discovery plan.

**IT IS THEREFORE ORDERED** that the parties' discovery plan and scheduling order (ECF No. 23) is **granted in part and denied in part.** It is denied in part regarding Defendant's proposed discovery plan. It is granted in part regarding Plaintiff's proposed discovery plan and the provisions to which the parties agree.

**IT IS FURTHER ORDERED** that the following deadlines shall govern discovery:

| | |
|---|---|
| Initial disclosures: | September 19, 2025 |
| Amend pleadings/add parties: | October 15, 2025 |
| Expert disclosures: | November 14, 2025 |
| Rebuttal expert disclosures: | December 15, 2025 |
| Discovery cutoff: | January 13, 2026 |
| Dispositive motions: | February 12, 2026 |
| Pretrial order: | March 16, 2026[1] |

DATED: September 25, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.